Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRYSTAL WALLACE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIKING GROUP, INC., a foreign profit corporation; SUPPLY NETWORK, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 2:25-cv-02511-BJR<br><br>**FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

Plaintiff Crystal Wallace ("Plaintiff"), on behalf of herself and all others similarly situated ("Non-Compete Class," "Moonlighting Subclass," and "SNMA Class" as defined herein), by and through her undersigned counsel of record, brings this complaint against Defendants Viking Group, Inc. and Supply Network, Inc. (together, "Defendants") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigations, and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE CASE

### A. Introduction to Non-Compete and Moonlighting Claims

1. The Washington Legislature ("Legislature") enacted chapter 49.62 RCW, effective January 1, 2020, to facilitate workforce mobility and to protect workers by prohibiting



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

restrictive covenants that limit competition or hiring. *See* RCW 49.62.0050.

2. In so doing, the Legislature found that "[w]orkforce mobility is important to economic growth and development" and that "[a]greements limiting competition or hiring may be contracts of adhesion that may be unreasonable." RCW 49.62.005(1), (2).

3. The Legislature defined a "noncompetition covenant" to include "every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind." RCW 49.62.010(4).

4. Effective January 1, 2020, a "noncompetition covenant is void and unenforceable . . . [u]nless the employee's earnings from the party seeking enforcement, when annualized, exceed one hundred thousand dollars per year," which "must be adjusted annually in accordance with RCW 49.62.040." RCW 49.62.020(1)(b).

5. "A court or arbitrator must presume that any noncompetition covenant with a duration exceeding eighteen months after termination of employment is unreasonable and unenforceable." RCW 49.62.020(2).

6. Additionally, "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed." RCW 49.62.070(1).

7. In prohibiting employers from restricting low-wage workers' ability to hold supplemental employment, the Legislature—as confirmed by the Washington Supreme Court—recognized that "many low wage workers must work multiple jobs" to earn a livable wage and "to provide for themselves and their families." *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 244, 253 (2025). Recognizing this economic reality, the Legislature specifically intended to "broadly protect" these economically vulnerable workers "by allowing them to secure supplemental employment within their industry." *Id.* at 249 n.3 (citing ENGROSSED SUBSTITUTE H.B. 1450, 66th Leg., Reg. Sess. (Wash. 2019)).



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

8. If an employer seeks greater control over their employees by restricting the worker's freedom to hold an additional job, "they have a simple solution—pay the worker more than twice the applicable state minimum hourly wage." *Id.* at 260 (Lewis, J., concurring).

9. To better protect Washington workers from unreasonable and illegal restrictive covenants, the Legislature mandated that Chapter 49.62 RCW "shall be construed liberally for the accomplishment of its purposes." RCW 49.62.110.

10. In 2024, the Legislature returned to the liberal construction mandate of chapter 49.62 RCW in response to courts "misinterpret[ing]" the statutory provisions and "fail[ing] to embrace that the statute should be liberally construed." S.B. REP. ON ENROLLED SUBSTITUTE S.B. 5935, 68th Leg., Reg. Sess. (Wash. Feb. 6, 2024) ("ESSB 5935 Bill Report").

11. The Legislature clarified this mandate by expressly requiring courts to "liberally constru[e]" the "provisions in [Chapter 49.62 RCW] facilitating workforce mobility and protecting employees and independent contractors" and "narrowly constru[e]" its exceptions. RCW 49.62.005(3); SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024).

12. In the 2024 amendments, the Legislature also clarified protections for Washington workers by broadening the prohibition on noncompetition covenants to include "agreement[s] that directly or indirectly prohibit[] the acceptance or transaction of business with a customer." RCW 49.62.010(4).

13. The Legislature intended to clarify that employers cannot prevent a former employee from accepting business from customers. ESSB 5935 Bill Report at 4. This amendment was in direct response to "courts . . . misconstru[ing] nonacceptance of business clauses as nonsolicitation covenants." *Id.*

14. Supporters of the 2024 amendments, which clarified worker protections, highlighted the harm of noncompete clauses generally, noting that noncompete clauses "interfere with a person's ability to seek or accept a new job" and "suppress wages and allows large companies to control workers." ESSB 5935 Bill Report at 4.

15. Plaintiff and over 40 Class members have been unlawfully prohibited, restricted,



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

and restrained from engaging in lawful professions, trades, or businesses and from accepting or transacting business with customers in direct violation of chapter 49.62 RCW.

16. Plaintiff and the Non-Compete Class and Moonlighting Subclass seek declaratory and injunctive relief to address Defendants' illegal noncompetition covenants and damages pursuant to RCW 49.62.080.

**B. Introduction to SNMA Claims**

17. Effective June 9, 2022, the Silenced No More Act ("SNMA"), RCW 49.44.211, prohibits nondisclosure and nondisparagement provisions in agreements that prevent an employee from disclosing or discussing conduct the individual reasonably believed to be illegal acts of discrimination, harassment, retaliation, wage and hour violations, sexual assault, or other conduct recognized as against a clear mandate of public policy. RCW 49.44.211(1). Prohibited nondisclosure and nondisparagement provisions include those contained in employment agreements, independent contractor agreements, agreements to pay compensation in exchange for the release of a legal claim, or any other agreement between an employer and an employee. *Id.*

18. Employers are prohibited from requesting or requiring that an employee enter into any agreement provision that is prohibited by the SNMA. RCW 49.44.211(4). Employers are also prohibited from attempting to enforce a provision of an agreement prohibited by RCW 49.44.211, whether through a lawsuit, a threat to enforce, or any other attempt to influence a party to comply with a provision in any agreement that is prohibited by the SNMA. RCW 49.44.211(5).

19. For the purposes of RCW 49.44.211, "employee" means a current, former, or prospective employee or independent contractor. RCW 49.44.211(8).

20. An employer who violates RCW 49.44.211 after June 9, 2022, is liable in a civil cause of action for actual or statutory damages of $10,000, whichever is more, as well as reasonable attorneys' fees and costs. RCW 49.44.211(7).

21. There is a strong public policy in favor of disclosure, and the SNMA "[is] to be liberally construed to fulfill its remedial purpose." RCW 49.44.211(10).

22. This is a class action lawsuit to remedy Defendants' practice of prohibiting



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Washington workers from disclosing and discussing conduct they reasonably believe to be illegal acts of discrimination, harassment, retaliation, wage and hour violations, sexual assault, or other conduct recognized as being against a clear mandate of public policy. *See* RCW 49.44.211.

23. Plaintiff and SNMA Class members seek declaratory and injunctive relief to address Defendants' illegal confidentiality and nondisparagement provisions and damages pursuant to RCW 49.44.211.

## II. JURISDICTION AND VENUE

24. Based on Defendants' representations in the Notice of Removal, jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

25. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the action was removed by Defendants to the United States District Court for the Western District of Washington, which embraces King County, the place where the action was pending.

## III. PARTIES

26. Plaintiff Crystal Wallace resides in Pierce County, Washington and worked for Defendants in the State of Washington. At all times relevant, Plaintiff was an "employee" of Defendants.

27. Defendant Viking Group, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has an office for the transaction of business in King County, Washington, including at 5530 South 226th Street, Kent, Washington 98032. At all times relevant, Defendant Viking Group, Inc. was an "employer" of Plaintiff.

28. Defendant Supply Network, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has an office for the transaction of business in King County, Washington, including at 5530 South 226th Street, Kent, Washington 98032. At all times relevant, Defendant Supply Network, Inc. was an "employer" of Plaintiff.

29. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

## IV. STATEMENT OF FACTS

### A. Defendants' Business Operations

30. Defendants are engaged in the manufacture, distribution, fabrication, and sale of fire suppression systems and associated equipment.

31. As a condition of employment, Defendants require employees to sign a Non-Competition and Confidentiality Agreement or similar agreements.

32. The Non-Competition and Confidentiality Agreement contains various employment restrictions, including noncompetition covenants and confidentiality provisions.

33. The Non-Competition and Confidentiality Agreement contains a noncompetition covenant which states:

> Non-Competition. During the term of my employment and for a period of two years after the end of employment, I will not compete anywhere in the Western region in any way with the business that is being conducted or planned by the Company. The Western region is defined as the states of New Mexico, Arizona, Nevada, Wyoming, Utah, Colorado, Montana, Idaho, California, Oregon, Hawaii, Alaska and Washington. This promise not to compete includes, but is not limited to, a promise that I will not do any of the following activities:
>
> (a) I will not work with, for, or have any interest in, any organization that competes or is about to compete with the Company.
>
> (b) I will not attempt to persuade any customer, supplier, or potential customer or supplier of the Company that they should not do business with the Company, should reduce their purchases of the Company's products or services, or should do business with a competitor of the Company.
>
> (c) I will not work on any matter or provide any services or products which are or will be used in products or components of products that compete with the Company's products.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

> (d) I will not hire, solicit, encourage or persuade any employee or contractor of the Company to terminate their relationship with the Company or to take any action that adversely affects their ability to discharge their duties to the Company.
>
> (e) I will not provide any other person or organization with any information or assistance to engage in any of the conduct described in parts (a) through (d).

34. The Non-Competition and Confidentiality Agreement contains an additional noncompetition covenant which states:

> Outside Employment. During the term of my employment with the Company, I will not hold any job or engage in any activity for economic benefit, outside my employment with the Company, unless I have received prior written authorization from my immediate supervisor and department head.

35. The Non-Competition and Confidentiality Agreement contains a nondisparagement provision which states:

> Non-Disparagement. I agree not to disparage, criticize, condemn, or impugn the Company and its current and former owners, directors, officers or employees, nor will I disclose to any third party any information that might be embarrassing to or cause harm to the reputation of any such owner, director, officer or employee.

36. The Non-Competition and Confidentiality Agreement further states:

> Jurisdiction. This Agreement shall be governed in all respects by Michigan law without regard to its conflict of law principles. The parties agree that they shall be subject to the sole and exclusive personal jurisdiction and venue of the courts seated in Kent County, Michigan, regardless of where the Company or I may be located at the time any action may be commenced.

37. Defendants require all employees to comply with the Non-Competition and Confidentiality Agreement as a condition of employment.

38. On information and belief, Defendants maintain additional written covenants, oral covenants, agreements, and/or contracts restricting their employees' ability to engage in lawful



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

professions, trades, or businesses, as well as their ability to accept or transact business with customers.

**B. Facts Applicable to Plaintiff**

39. In August 2022, Defendants offered Plaintiff $23 per hour (approximately $47,840 annualized) to work as a Customer Service Representative at Defendants' office in Kent, Washington.

40. As a condition of employment, Defendants required that Plaintiff execute and abide by a contract titled Non-Competition and Confidentiality Agreement.

41. Plaintiff accepted Defendants' offer of employment and executed the Non-Competition and Confidentiality Agreement on or about August 31, 2022.

42. Defendants executed the Non-Competition and Confidentiality Agreement on or about January 25, 2023.

43. Plaintiff's rate of pay never exceeded $25.77 per hour (approximately $53,601.60 annualized) during her employment with Defendants despite being bound to this noncompetition covenant.

44. On or around October 9, 2025, Defendants filed a lawsuit and request for restraining order and motion for preliminary injunction against Plaintiff in the Circuit Court for Kent County, Michigan to attempt to enforce the Non-Competition and Confidentiality Agreement.

45. By binding Plaintiff to noncompetition covenants while paying her less than the statutory thresholds set forth in RCW 49.62.020(1)(b) and RCW 49.62.070, Defendants violated her statutory rights.

46. Plaintiff has suffered economic and non-economic harm and damages as a result of being bound to illegal and unreasonable noncompetition covenants by Defendants, including, but not limited to, lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility.

**C. Facts Applicable to the Non-Compete Class**



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

47. Defendants are "employers" as defined by RCW 49.62.010(2).

48. Non-Compete Class members are "employees" as defined by RCW 49.62.010(2).

49. From January 1, 2020, to the present, Defendants entered into noncompetition covenants with Non-Compete Class members restricting, restraining, or prohibiting them from engaging in lawful professions, trades, or businesses of any kind and from accepting or transacting business with customers.

50. The duration of the noncompetition covenants exceeds eighteen months after termination of employment.

51. Defendants continue to bind Washington workers to noncompetition covenants as a condition of their employment or continued employment while paying them less than the statutory threshold set forth in RCW 49.62.020(1)(b), as annually adjusted in accordance with RCW 49.62.040.

52. The statutory thresholds for employees set forth in RCW 49.62.020(1)(b), as annually adjusted in accordance with RCW 49.62.040, are as follows:

| Year | Statutory Threshold |
|---|---|
| 2020 | $100,000 |
| 2021 | $101,390 |
| 2022 | $107,301.04 |
| 2023 | $116,593.18 |
| 2024 | $120,559.99 |
| 2025 | $123,394.17 |
| 2026 | $126,858.83 |

*Non-Compete Agreements*, WASH. STATE DEP'T OF LAB. & INDUS., https://lni.wa.gov/workers-rights/workplace-policies/non-compete-agreements (last visited Nov. 12, 2025).

53. Defendants' refusal to follow Washington noncompete law is a violation of Non-Compete Class members' statutory rights under chapter 49.62 RCW.

54. By binding Non-Compete Class members to noncompetition covenants while paying them less than the statutory threshold set forth in RCW 49.62.020(1)(b), Defendants



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

violated their statutory rights.

55. Non-Compete Class members suffered economic and non-economic harm and damages, including, but not limited to, lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility.

56. Non-Compete Class members are victims of Defendants' illegal noncompetition practices, which are specifically prohibited by RCW 49.62.020.

57. Defendants have engaged in a common course of conduct of binding workers to illegal noncompetition covenants.

58. As a result of Defendants' systemic violations of RCW 49.62.020, and chapter 49.62 RCW generally, the Class members have experienced harm identical to that experienced by Plaintiff.

59. Plaintiff and each Non-Compete Class member seek the greater of their actual damages or statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

**D. Facts Applicable to the Moonlighting Subclass**

60. Moonlighting Subclass members are current and former Washington employees of Defendants.

61. During the relevant time period, Moonlighting Subclass members earned less than twice the applicable state minimum wage from Defendants as set forth below:

| Year | Washington Min. Wage | RCW 49.62.070(1) Threshold |
|---|---|---|
| 2020 | $13.50 per hour | $27.00 per hour |
| 2021 | $13.69 per hour | $27.38 per hour |
| 2022 | $14.49 per hour | $28.98 per hour |
| 2023 | $15.74 per hour | $31.48 per hour |
| 2024 | $16.28 per hour | $32.56 per hour |
| 2025 | $16.66 per hour | $33.32 per hour |
| 2026 | $17.13 per hour | $34.26 per hour |

*History of Washington State's Minimum Wage*, WASH. STATE DEP'T OF LAB. & INDUS., https://lni.wa.gov/workers-rights/wages/minimum-wage/history-of-washington-states-



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

minimum-wage (last visited Mar. 23, 2026); RCW 49.62.070(1).

62. Despite earning less than twice the applicable state minimum hourly wage from Defendants, Moonlighting Subclass members were subject to, and were required to abide by, the covenants in Defendants' employment agreements and/or other documents with similar restrictions on outside employment.

63. Upon information and belief, Moonlighting Subclass members were subject to additional written or oral covenants, agreements, or contracts restricting, restraining, or prohibiting them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

64. By restricting, restraining, or prohibiting Moonlighting Subclass members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed while paying them less than twice the applicable state minimum hourly wage, Defendants violated Moonlighting Subclass members' statutory rights under chapter 49.62 RCW.

65. Moonlighting Subclass members suffered economic and non-economic harm and damages, including, but not limited to, lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility.

66. Plaintiff and each Moonlighting Subclass member seek the greater of their actual damages or statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

**E. Facts Applicable to the SNMA Class**

67. SNMA Class members are current and former Washington employees of Defendants.

68. Prior to, on, and after June 9, 2022, Defendants required SNMA Class members to agree to the confidentiality and nondisparagement policies set forth in the Non-Competition and Confidentiality Agreement.

69. On information and belief, SNMA Class members were subject to additional confidentiality and nondisparagement provisions.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

70. Nondisclosure and nondisparagement provisions perpetuate illegal conduct by silencing those who are victims or who have knowledge of illegal discrimination, illegal harassment, illegal retaliation, wage and hour violations, or sexual assault.

71. Defendants' practice of requesting or requiring that workers enter into agreements with prohibited nondisclosure and nondisparagement provisions has discouraged workers from reporting or even speaking about Defendants' potential or actual wrongful conduct.

72. Plaintiff and each SNMA Class member seek statutory damages of $10,000 for each violation of the SNMA, plus their reasonable attorneys' fees and costs.

## V. CLASS ACTION ALLEGATIONS

73. Non-Compete Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Non-Compete Class defined as follows:

> All current and former Washington employees of Viking Group, Inc. or Supply Network, Inc. whose annual earnings were less than the threshold set forth in RCW 49.62.020(1)(b), as adjusted annually in accordance with RCW 49.62.040, at any time from January 1, 2020, through the date of class certification.

74. Moonlighting Subclass Definition. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Moonlighting Subclass defined as follows:

> All current and former Washington employees of Viking Group, Inc. or Supply Network, Inc. who earned less than twice the applicable state minimum hourly wage at any time from January 1, 2020, through the date of class certification

75. SNMA Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the SNMA Class defined as follows:

> All current, former, and prospective Washington employees and independent contractors of Viking Group, Inc. or Supply Network, Inc. who were requested or required to enter into an agreement with a nondisclosure or nondisparagement provision from June 9, 2022, through the date of certification of the class.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

76. Excluded from the Classes are Defendants and their officers and directors.

77. Numerosity. The number of Class members exceeds 40 and therefore, pursuant to CR 23(a)(1), it is impracticable to join all members of the class defined herein as named plaintiffs.

78. Commonality. Because Plaintiff and all Class members were subject to the same practices of Defendants, there are common questions of law and fact among Plaintiff and Class members pursuant to CR 23(a)(2).

79. Typicality. Pursuant to CR 23(a)(3), Plaintiff's claims are typical of the claims of all Class members and of Defendants' anticipated defenses thereto. Plaintiff and Class members were subject to the same course of conduct of Defendants.

80. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class as required by CR 23(a)(4). There is no conflict between Plaintiff's claims and those of Class members. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

81. Predominance. Pursuant to CR 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the Class predominate over any questions affecting only individual members.

82. Superiority. Pursuant to CR 23(b)(3), class certification is appropriate here because a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The prosecution of separate actions by Class members could either result in inconsistent adjudications establishing incompatible hiring practices or, as a practical matter, dispose of the legal claims of Class members who are not parties to such separate adjudications. Individual Class members would have little interest in controlling the litigation due to the relatively small size of most claims, and because Plaintiff and Plaintiff's counsel will vigorously pursue the claims on behalf of the Class members. A class action will be an efficient method of adjudicating the claims of Class members.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## VI. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**VIOLATION OF RCW 49.62.020**
***Claim of Relief for Plaintiff and the Non-Compete Class***

83. Plaintiff incorporates by reference all foregoing factual allegations and reallege them as though fully set forth herein.

84. As described more fully above, Plaintiff and Non-Compete Class members all worked for Defendants in Washington and were required to enter into noncompetition covenants that violate chapter 49.62 RCW.

85. Plaintiff and Non-Compete Class members earned less than the applicable statutory threshold and/or were subject to noncompetition covenants with a duration exceeding 18 months after termination of employment in violation of RCW 49.62.020.

86. Defendants' actions and omissions violate RCW 49.62.020.

87. As a result of Defendants' actions and omissions, Plaintiff and the Non-Compete Class have experienced economic and non-economic harm.

88. Plaintiff and Non-Compete Class members each seek the greater of their actual damages or $5,000 in statutory damages, and seek to recover costs and reasonable attorneys' fees pursuant to RCW 49.62.080.

**SECOND CAUSE OF ACTION**
**VIOLATION OF RCW 49.62.070**
***Claim of Relief for Plaintiff and the Moonlighting Subclass***

89. Plaintiff incorporates by reference all foregoing factual allegations and reallege them as though fully set forth herein.

90. Each defendant is an "employer" as defined by RCW 49.62.010(2).

91. Plaintiff and Moonlighting Subclass members are "employees" as defined by RCW 49.62.010(2).

92. Defendants employed Plaintiff and Moonlighting Subclass members in Washington.

93. Plaintiff and Moonlighting Subclass members earned less than twice the



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

applicable state minimum wage from Defendants.

94. Defendants restricted, restrained, or prohibited Plaintiff and Moonlighting Subclass members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

95. Defendants' actions and omissions violate RCW 49.62.070.

96. As a result of Defendants' actions and omissions, Plaintiff and Moonlighting Subclass members have experienced economic and non-economic harm.

97. Plaintiff and Moonlighting Subclass members each seek the greater of their actual damages or $5,000 in statutory damages, and seek to recover costs and reasonable attorneys' fees pursuant to RCW 49.62.080.

**<u>THIRD CAUSE OF ACTION</u>**
**VIOLATION OF RCW 49.44.211**
***Claim of Relief for Plaintiff and the SNMA Class***

98. Plaintiff incorporates by reference all foregoing factual allegations and reallege them as though fully set forth herein.

99. Plaintiff and SNMA Class members are Defendants' "employees," as defined in RCW 49.44.211(8).

100. On and after June 9, 2022, Defendants requested or required that Plaintiff and SNMA Class members enter into agreements with prohibited nondisclosure or nondisparagement provisions in violation of RCW 49.44.211.

101. Defendants violated RCW 49.44.211 when they requested or required that Plaintiff and SNMA Class members enter into agreements prohibiting them from disclosing or discussing conduct believed under Washington state, federal, or common law to be illegal discrimination, illegal harassment, illegal retaliation, a wage and hour violation, sexual assault, or conduct deemed to be against a clear mandate of public policy.

102. The prohibited nondisclosure or nondisparagement provisions relate to conduct at the workplace. They also relate to conduct between employees and between an employer and an employee, whether on or off the employment premises.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

103. As a result of Defendants' actions and omissions, Plaintiff and SNMA Class members are entitled to actual damages or $10,000 in statutory damages, whichever is greater, for each violation of the SNMA.

## VII. REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Classes, request that the Court enter judgment against Defendants as follows:

104. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

105. Actual damages or statutory damages of $5,000, whichever amount is greater, to Plaintiff and each Non-Compete Class member pursuant to RCW 49.62.080;

106. Actual damages or statutory damages of $5,000, whichever amount is greater, to Plaintiff and each Moonlighting Subclass member pursuant to RCW 49.62.080;

107. Statutory damages of $10,000 to Plaintiff and each SNMA Class member for each violation of the SNMA pursuant to RCW 49.44.211(7);

108. Costs and reasonable attorneys' fees pursuant to RCW 49.62.080, RCW 49.44.211(7), or as otherwise provided;

109. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein;

110. Declaratory relief to the effect that Defendants' noncompetition covenants violate Washington law and the rights of Plaintiff, Non-Compete Class members, and Moonlighting Subclass members;

111. Declaratory relief to the effect that Defendants' practice of prohibiting Plaintiff and SNMA Class members from disclosing or discussing conduct believed under Washington state, federal, or common law to be illegal discrimination, illegal harassment, illegal retaliation, a wage and hour violation, sexual assault, or conduct deemed to be against a clear mandate of public policy violates Washington law;

112. Pre- and post-judgment interest;



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

113. Leave to amend this complaint to conform to the evidence; and

114. Any additional or further relief the Court deems equitable, appropriate, or just.

DATED March 23, 2026.

**EMERY | REDDY, PC**

By: */s/ Timothy W. Emery*

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Sierra Briggs, under penalty of perjury of the laws of the State of Washington, certify and declare that I caused a true and correct copy of the foregoing document to be served on the following parties on **March 23, 2026,** as indicated below:

Tyler Weaver, WSBA No. 29413
ANGELI & CALFO LLC
701 Pike Street, Suite 1625
Seattle, WA 98101
Phone: (206) 703-4810
Email: tylerw@angelicalfo.com

Tyler P. Francis, WSBA No. 53533
ANGELI & CALFO LLC (OR)
121 SW Morrison Street, Suite 400
Portland, OR 97204
Phone: (503) 954-2232
Email: tylerf@angelicalfo.com

Akshita Verma, *Pro Hac Vice*
James R. Peterson, *Pro Hac Vice*
Robert Harding, *Pro Hac Vice*
MILLER JOHNSON
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
Phone: (616) 831-1700
Email: vermaa@millerjohnson.com
Email: petersonj@millerjohnson.com
Email: hardingr@millerjohnson.com

*Attorneys for Defendants*

Dated this 23rd day of March, 2026, at Seattle, Washington.

*/s/ Sierra Briggs*__________________
Sierra Briggs, Junior Legal Assistant
sierra@emeryreddy.com



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711